# IN THE COURT OF APPEALS OF IOWA

No. 19-0225
Filed July 1, 2020

**GATLUAK CHUOL BOL,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Marshall County, James A. McGlynn,

Judge.


　　　Gatluak Bol appeals the dismissal of his postconviction-relief application.

**AFFIRMED.**


　　　Christine E. Branstad of Branstad & Olson Law Office, Des Moines, for

appellant.

　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.


　　　Considered by Vaitheswaran, P.J., Doyle and May, JJ.

**MAY, Judge.**

Gatluak Bol appeals the dismissal of his postconviction-relief (PCR) application. We affirm.

On November 14, 2014, Bol was escorted from his workplace by police officers and taken in for questioning. He testified that he was read his *Miranda* rights, questioned without an attorney present, provided a DNA sample, and was released later that day. No charges were filed until October 2015. Ultimately, Bol was convicted of third-degree sexual abuse, in violation of Iowa Code sections 709.1, 709.4(1), and 702.17 (2014), and assault with intent to commit sexual abuse, in violation of Iowa Code sections 709.11 and 708.1.

Bol appealed his convictions. *See State v. Bol*, No. 16-0370, 2017 WL 936110, at *1 (Iowa Ct. App. Mar. 8, 2017). This court affirmed. *Id.* at *5.

In August 2017, Bol filed this PCR application. Bol alleged multiple ineffective-assistance claims. The PCR court rejected all his claims. Bol now appeals.

Bol raises four of his ineffective-assistance claims on appeal: (1) trial counsel failed to argue Bol's speedy-indictment rights were violated, (2) trial counsel failed to "appropriately advise and inform Bol about consequences of testifying at trial," (3) trial counsel failed to "recognize conflict of interest and withdraw," and (4) trial counsel failed to "assert and remedy disparity in the jury panel."

"We normally review postconviction proceedings for errors at law." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). But when there are ineffective-assistance-of-counsel claims, our review is de novo. *Id.* "In conducting our de

novo review, 'we give weight to the lower court's findings concerning witness credibility.'" *King v. State*, 797 N.W.2d 565, 571 (Iowa 2011) (quoting *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001)).

To prevail on an ineffective-assistance-of-counsel claim, Bol "must demonstrate '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011) (quoting *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006)). And he "must prove both elements by a preponderance of the evidence." *Id.* "Under the first prong, 'we measure counsel's performance against the standard of a reasonably competent practitioner.'" *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) (citation omitted). "It is presumed the attorney performed his or her duties competently, and a claimant must successfully rebut this presumption by establishing by a preponderance of the evidence counsel failed to perform an essential duty." *Id.* And to establish prejudice, under the second prong, Bol must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Bowman v. State*, 710 N.W.2d 200, 203 (Iowa 2006)).

As a preliminary matter, Bol asserts the PCR court wrongly determined all of his claims were precluded under Iowa Code section 822.8. We agree they are not precluded. *See* Iowa Code § 814.7 (noting an ineffective-assistance claim "need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes"); *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Therefore, we turn to the merits of each ineffective-assistance claim.

Bol first asserts counsel was ineffective for failing to file a motion to dismiss due to a speedy-indictment violation. He contends *State v. Wing*, 791 N.W.2d 243 (Iowa 2010), is the controlling law because it was in effect at the time of his conviction. According to *Wing*, we determine whether an arrest occurred by considering "whether a reasonable person in the defendant's position would have believed an arrest occurred." 791 N.W.2d at 249. But *Wing* was overruled by *State v. Williams*, 895 N.W.2d 856, 867 (Iowa 2017). And the *Williams* court "did not declare a prospective-only application." *State v. Dormire*, No. 16-1474, 2018 WL 2085199, at *2 (Iowa Ct. App. May 2, 2018) ("As of yet, the supreme court has not addressed how the *Williams* holding should be applied."). So "[w]ithout a statement that the decision is to operate prospectively only, we will apply *Williams* retroactively." *Id.* We continue the analysis with *Williams*—not *Wing*—as the controlling law.

Under the speedy-indictment rule, "[w]hen an adult is arrested for the commission of a public offense . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be dismissed." Iowa R. Crim. P. 2.33(2)(a). In *Williams*, our supreme court held:

> Arrest for the purposes of the speedy indictment rule requires the person to be taken into custody in the manner authorized by law. The manner of arrest includes taking the arrested person to a magistrate. The rule is triggered from the time a person is taken into custody, but only when the arrest is completed by taking the person before a magistrate for an initial appearance.

895 N.W.2d at 867. Bol states he was never brought before a magistrate. So we find he was not arrested under *Williams*. *See id.* And so the speedy-indictment rule was not triggered. *See id.* This ineffective-assistance claim fails.

Next, Bol contends counsel was ineffective for failing to adequately advise him on his Fifth Amendment rights. He asserts "trial counsel called Bol to testify in his own defense without any discussion on the record regarding the right to testify and Bol's right to waive testifying if he so chose."

"A defendant has a constitutional right to testify at a criminal trial." *Ledezma*, 626 N.W.2d at 146. But the defendant may waive that right. *Id.* "Counsel has a duty to advise the defendant about the consequences of testifying so that an informed decision can be made." *Id.* at 146–47. "Generally, the advice provided by counsel is a matter of trial strategy and will not support a claim of ineffective assistance absent exceptional circumstances." *Id.* at 147.

At the PCR hearing, Bol's trial counsel testified as follows:

> I told him of course he has the complete right not to testify. Also he has the total right to testify if he chooses to and that it's his decision. I always tell my clients that. But we also talk strategy. We don't have that conversation in a vacuum and in this case our theme was going to be consensual sex. And I encouraged Mr. Bol that if he wants to make that argument, that he's going to—the jury's going to expect to hear that from him.
> In my view, in many cases the defendant does a disservice if they don't testify. You know, if they're claiming a particular line of defense other than a general denial and so I would never have told Mr. Bol you have to testify. . . . . But I have no doubt I told him for our defense, testifying is something that he needs to seriously consider.

The PCR court implicitly found counsel's testimony to be credible. And we give appropriate deference to that finding. *See, e.g., Bear v. Bear*, No. 02-0518, 2003 WL 289513, at *1 (Iowa Ct. App. Feb. 12, 2003). Like the PCR court, we conclude counsel informed Bol of his rights and provided advice in the form of a reasonable trial strategy. Bol has not overcome the strong presumption that counsel performed competently. *See Dempsey*, 860 N.W.2d at 868.

We have considered Bol's complaints that counsel did not advise him of certain negative consequences of testifying, including the possibility "[n]obody would believe" him because the jury lacked diversity. But we see no reasonable probability that, if Bol had chosen not to testify, there could have been a different ultimate result. The physical evidence established Bol had sexual contact with the alleged victim. And the alleged victim testified Bol raped her. So if Bol had not testified, the jury would never have heard any alternative explanation for the sexual contact. As in *Ledezma*, if Bol had not testified, he would have "lost his opportunity to present his side of the story in a case which essentially came down to the credibility of one of two stories." 626 N.W.2d at 148 (finding counsel was ineffective in advising client not to testify). We agree with the State that "not testifying could not have improved" Bol's chances of acquittal. So this claim also fails. *See, e.g.*, *Rumley v. State*, No. 12-1724, 2014 WL 635970, at *3 (Iowa Ct. App. Feb. 19, 2014) (affirming denial of PCR relief where applicant failed to show "that even if he had made the decision not to testify at his criminal trial, a reasonable probability exists that the result of the proceeding would have been different").

Bol also alleges counsel was ineffective because of a conflict of interest. Trial counsel had previously represented one of the witnesses—a police officer— in a family-law matter. The representation had ended, trial counsel discussed the issue with Bol and the witness, and both signed waivers. Still Bol argues a conflict of interest can never be waived.

On this record, we question whether there was a conflict of interest because (1) counsel's representation of the witness had ended before he began

representing Bol and (2) it does not appear counsel's past representation of the witness—in an unrelated family-law matter—materially limited counsel's representation of Bol. *See State v. McKinley*, 860 N.W.2d 874, 882 (Iowa 2015). Even if there was a conflict, Bol was certainly able to and, in fact, did waive the conflict. Iowa Rule of Professional Conduct 32:1.7(b)(4) allows an attorney to represent a client if "each affected client gives informed consent, confirmed in writing." That is what happened here. Bol and the witness both signed documents entitled "Waiver of Conflict Interest." The signed documents provided each waived "any and all conflict or conflicts" and authorized trial counsel to represent Bol. And Bol provides no reason to believe the waivers were insufficient. So this ineffective-assistance claim fails as well.

Finally, Bol asserts counsel was ineffective for failing to "assert and remedy disparity in the jury panel." Bol's argument centers around our supreme court's decision in *State v. Plain*, 898 N.W.2d 801, 821–29 (Iowa 2017). But *Plain* does not apply retroactively. *See Thongvanh v. State*, 938 N.W.2d 2, 15–16 (Iowa 2020) (noting *Plain* does not "apply retroactively to convictions that were already final at the time" *Plain* was decided and finding "[t]he district court did not error in concluding Thongvanh could not rely on *Plain* as the basis for his current PCR application"). And Bol's conviction occurred before *Plain*. So Bol cannot rely on it. We determine this final ineffective-assistance claim fails.

We affirm the dismissal of Bol's PCR application.

**AFFIRMED.**